IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID ROBERT BENTZ, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) Case No. 14-cv-00996-NJR |
| | ) |
| **KIMBERLY BUTLER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiffs David Robert Bentz, Brett Sharp, Jesse Perez, Marcos Garcia. Armando Gallando, and John Lee, inmates in Menard Correctional Center, bring this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983, relative to the conditions of their confinement. Plaintiffs also seek an "emergency preliminary injunction" and to have this case certified as a class action on behalf of all inmates housed in the North-2 unit at Menard.

Plaintiffs seek leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Consequently, this case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Plaintiffs' request for an "emergency preliminary injunction" is construed as a motion for a temporary restraining order ("TRO"), pursuant to Federal Rule of Civil Procedure 65(b). Because Plaintiffs seeks a TRO, the Court will immediately take up the case. *See Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680 (7th Cir. 2012). A more thorough review of the adequacy of the complaint will follow in due course by separate order.

Plaintiffs claim, in pertinent part, that throughout the summer of 2014, when the heat index has exceeded 90 degrees, the 14 prison officials named as defendants, and other unidentified prison officials, have not made health and safety checks throughout the day, and have failed provide inmates in the North-2 unit with adequate ice, ice water, cold drinks, fans, and other means to cool themselves, thereby endangering the inmates' health and safety, in violation of the Eighth Amendment. It is also alleged that Defendants are acting with a retaliatory motive and with deliberate indifference and/or negligent intent.

The North-2 unit houses approximately 800 inmates; half of the inmates are "general population" and half are in segregation status. Many, if not all of the segregation inmates are housed in cells with "solid" doors that do not allow for ventilation. Plaintiffs explain that some inmates in the unit are elderly and/or suffer from ailments that place them at even greater risk from high temperatures and insufficient airflow, such as diabetes, asthma, and heart disease. It is asserted that within a three-day period (August 23-25, 2014) two inmates passed away—one due to a heart attack, the other specifically due to the extreme heat.

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice *only* if:

> (A) specific facts in an affidavit or a verified complaint clearly show that *immediate and irreparable injury, loss, or damage* will result to the movant before the adverse party can be heard in opposition; and (B) the movant's

> attorney certifies in writing any efforts made to give notice and the reasons
> why it should not be required.

FED.R.CIV.P. 65(b)(1) (emphasis added).

The effects of the heat are not to be taken lightly. However, the complaint does not clearly show (by way of allegation) that immediate and irreparable injury, loss, or damage will result if the Court does not intervene before the defendants can be heard in opposition. The complaint offers little more than conclusory statements, so there is actually little or nothing to indicate that any of the six named Plaintiffs is, for example, behind a solid door, or suffering from any ailment that would increase the risk of harm. Even taking the allegations as true and relative to the named Plaintiffs, it is now fall and days where the heat index rises above 90 degrees are increasingly less likely. Therefore, the extraordinary step of issuing a TRO is not warranted in this situation.

Whether a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) is appropriate is a matter to be decided after the Section 1915A preliminary review of the compliant is completed.

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiffs' motion for a temporary restraining order (contained within Doc. 1) is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 17, 2014

*Digitally signed by Nancy J Rosenstengel*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**