IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID ROBERT BENTZ,** ) | |
| No. S03210, ) | |
| **BRETT SHARP,** ) | |
| No. N38007, ) | |
| **JESSE PEREZ,** ) | |
| No. R44289, ) | |
| **MARCOS GARCIA,** ) | |
| No. R63548, ) | |
| **ARMANDO GALLANDO,** ) | |
| No. M32605, and ) | |
| **JOHN LEE,** ) | |
| No. A15590, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-00996-NJR |
| ) | |
| **KIMBERLY BUTLER,** ) | |
| **NURSE LANG,** ) | |
| **MAJOR WESTFALL,** ) | |
| **LT. JAMES BEST,** ) | |
| **LT. EOVALDI,** ) | |
| **LT. SAMUELS,** ) | |
| **SGT. N. BEBOUT,** ) | |
| **SGT. C. MAYER,** ) | |
| **C/O JOSHUA BERNER,** ) | |
| **C/O SHANE QUANDT,** ) | |
| **C/O JASON REDNOUR,** ) | |
| **C/O DONALD LINDENBERG,** ) | |
| **C/O JARED PHILLIPS,** ) | |
| **C/O McMILLAN, and** ) | |
| **UNKNOWN PARTIES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiffs David Robert Bentz, Brett Sharp, Jesse Perez, Marcos Garcia, Armando Gallando and John Lee, inmates in Menard Correctional Center, bring this action for

deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983, relative to the conditions of their confinement in the North-2 unit at Menard.  The original complaint (Doc. 1), which also purported to be a proposed class action, was dismissed without prejudice (Doc. 15).  The hazards of joint litigation were highlighted, and Plaintiffs were given an opportunity to file an amended complaint.  Their amended complaint (Doc. 18) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Also before the Court are:  a "Notice" filed by Plaintiff Bentz alerting the Court to the fact that only he is receiving copies of documents sent from the Court (Doc. 19); a motion supposedly on behalf of all six plaintiffs (but signed only by Plaintiff Bentz) seeking leave to amend the complaint by interlineation to substitute "Harris" as one of the unidentified defendants (Doc. 20); and a motion by Bentz, signed by all six plaintiffs, for appointment of counsel (Doc. 21).  These motions make clear the need to elaborate on the hazards and requirements of joint litigation before the Court proceeds with the review of the amended complaint.

## Pending Motions

### Notice (Doc. 19)

Plaintiff Bentz notifies the Court that, of the six named plaintiffs, only he is receiving copies of documents sent from the Court ((Doc. 19).  The Clerk of Court has addressed this issue with personnel at Menard, and each Plaintiff's inmate identification number is included in the case caption affixed to each document sent from the Court.  Those measures should help ensure that each of the plaintiffs receives a copy of any document sent from the Court.  Insofar as the notice is carried on the docket as a motion, the motion (Doc. 19) shall be denied as moot.

**<u>Motion for Substitution (Doc. 20)</u>**

Plaintiff Bentz, acting on his own behalf, moves to substitute "Harris" as an unknown defendant in the amended complaint (Doc. 20). Amendment by interlineation is not permitted under Local Rule 15.1. Rather, a second amended complaint would be needed, stating all claims Plaintiffs want to pursue, and specifically naming "Harris" throughout the narrative.

Furthermore, one plaintiff cannot unilaterally amend a joint complaint, which is what the amended complaint is at this point in time. Bentz is not an attorney. Federal Rule of Civil Procedure 11(a) requires *each* party or his attorney to sign the complaint and all other pleadings. Although individuals may represent themselves in federal court, *pro se* litigants and non-lawyers cannot represent other individuals or corporations. *Nocula v. Tooling Systems International Corp.,* 520 F.3d 719, 725 (7th Cir. 2008) ("corporations cannot appear *pro se*, and one *pro se* litigant cannot represent another") (citations omitted). Therefore, Bentz cannot proceed as though he is representing the other five named plaintiffs. Similarly, even though the amended complaint proposes that the case proceed as a class action on behalf of all inmates in the North-2 unit at Menard, Bentz cannot represent the class and, in any event, a formal motion for class certification has not been filed.[1]

For these reasons, Bentz's motion for substitution (Doc. 20) will be denied.

---

[1] If a motion for class certification had been filed along with the amended complaint, it would be denied at this stage. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action). The Federal Rules permit class actions to be maintained only if the class representative(s) (in this case the six pro se plaintiffs) "will fairly and adequately protect the interests of the class," FED.R.CIV.P. 23(a)(4), and "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action." *Lee v. Gardinez*, No. 11–cv–570–GPM, 2012 WL 143612, at *1 n.1 (S.D.Ill., Jan. 18, 2012) (quoting *Craig v. Cohn*, 80 F.Supp.2d 944, 946 (N.D.Ind. 2000) (internal citations and quotation marks omitted)).

**Motion for Counsel (Doc. 21)**

Plaintiff Bentz, writing in the first-person, moves for appointment of counsel to represent all six named plaintiffs and/or class members (Doc. 21). The motion is signed by all six named plaintiffs. As already discussed, this case has not been certified as a class action; therefore, the motion is construed as seeking the appointment of counsel to represent the six named plaintiffs collectively.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

The present motion only describes Bentz's personal efforts to secure counsel, although arguments for why counsel is necessary are presented in a collective voice. Bentz does not indicate, however, whether he sought counsel for joint litigation or only for himself. Again, because this is joint litigation, not a class action, each Plaintiff is, essentially, proceeding individually. Each plaintiff's need for counsel must be assessed, first and foremost, relative to that particular individual. Consequently, the motion can only be properly considered relative to Plaintiff Bentz.

Even assuming that Bentz is financially unable to afford to hire an attorney to represent him (*see* Doc. 2 (personal affidavit of poverty, not accompanied by the required certified trust fund account statement)), and accepting his undocumented assertion that he wrote to three law firms requesting representation, he indicates that counsel is required to make joint or class litigation easier, given that one inmate cannot represent another. Bentz, himself, has demonstrated that he is capable of drafting a complaint and presenting the legally and factually simplistic claims regarding the conditions of confinement. Therefore, his motion for counsel (Doc. 21) will be denied without prejudice. Insofar as the motion (Doc. 21) was filed by the other five plaintiffs, it will be denied for the reasons stated. The Court will remain open to appointing counsel for each and every plaintiff as the case progresses.

### *Boribourne* **Warnings**

As already stated, the Court perceives that the plaintiffs may not sufficiently understand what proceeding jointly entails. The following information is meant to ensure that each plaintiff understands his personal obligations in this action and the options regarding proceeding jointly in one lawsuit, or individually in separate actions.

The Seventh Circuit Court of Appeals has held that district courts are required to accept joint complaints filed by multiple prisoners if the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. But the Circuit held that each prisoner in the joint action is required to pay a full filing fee. *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). In reaching its conclusion, the Circuit discounted the trial court's concerns about the predatory leanings of some inmates to include other inmates in litigation for their personal gain. The Circuit noted that throughout the history of prisoner litigation, even before enactment of the Prison Litigation Reform Act, "jailhouse lawyers surely overstepped their roles on occasion." *Boriboune*, 391 F.3d at 854. Also, the Circuit addressed the difficulties in administering group prisoner complaints, stating that "the rules [of civil procedure] provide palliatives," such as severance of the claims pursuant to Federal Rule of Civil Procedure 20(b), pretrial orders providing for a logical sequence of decision pursuant to Rule 16, orders dropping parties improperly joined pursuant to Rule 21, and orders directing separate trials pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

Next, the Circuit focused on the question whether joint prisoner litigation undermines the system of financial incentives created by the Prison Litigation Reform Act, holding that Prison Litigation Reform Act did not repeal Rule 20 by implication. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." According to the Circuit, repeal by implication occurs only when the newer rule "is logically incompatible with the older one." *Id*. In concluding that no irreconcilable conflict exists between Rule 20 and the Act, the Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including

the duty to pay the full amount of the filing fees, either in installments or in full, depending on the circumstances.

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing party pursuant to FED.R.CIV.P. 5. This means that if there are six plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs, or other papers in the case will be six times greater than if there were a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under FED.R.CIV.P. 11." *Boriboune*, 391 F.3d at 854-55. According to the Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases (for example, claims concerning filthy living conditions may not necessarily be able to be brought in the case as claims regarding medical care; a second case would be opened and each plaintiff would have to pay an additional filing fee) If that severance of claims occurs, each Plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out." *Id*. at 856.

Therefore, in keeping with this suggestion, the Court offers each named plaintiff an opportunity to withdraw from this litigation before the case progresses further.

At the risk of being repetitive, each plaintiff may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the (amended) complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).

**IT IS HEREBY ORDERED** that, for the reasons stated, Doc. 19 is **DENIED as moot**; (Doc. 20) is **DENIED**; and Doc. 21 is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that each plaintiff shall have until **April 13, 2015**, in which to advise the Court whether he wishes the Court to consider him a plaintiff in this group action. Each Plaintiff must file his own individual notification with Court, rather than, for example, having Plaintiff Bentz, file a collective notice. If, by **April 13, 2015**, any one or more of the plaintiffs advises the Court that he does not wish to participate in the action, he will be dismissed from the lawsuit and will not be charged a filing fee.

**IT IS FURTHER ORDERED** that any plaintiff who does not respond to this order by **April 13, 2015**, will be considered a party in this action. At that time, the Court will proceed

with the preliminary review of the amended compliant (Doc. 18), and each plaintiff still a party to this action shall be held accountable for all consequences explained above.

Finally, Plaintiffs are **ADVISED** that they are each under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change of their address; the Court will not independently investigate their whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 23, 2015**

*Nancy J. Rosenstengel*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**