## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID ROBERT BENTZ,** | ) | |
| **No. S03210,** | ) | |
| **BRETT SHARP,** | ) | |
| **No. N38007,** | ) | |
| **JESSE PEREZ,** | ) | |
| **No. R44289,** | ) | |
| **MARCOS GARCIA,** | ) | |
| **No. R63548,** | ) | |
| **ARMANDO GALLANDO, and** | ) | |
| **No. M32605,** | ) | |
| **JOHN LEE,** | ) | |
| **No. A15590,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-00996-NJR** |
| | ) | |
| **KIMBERLY BUTLER,** | ) | |
| **NURSE LANG,** | ) | |
| **MAJOR WESTFALL,** | ) | |
| **LT. JAMES BEST,** | ) | |
| **LT. EOVALDI,** | ) | |
| **LT. SAMUELS,** | ) | |
| **SGT. N. BEBOUT,** | ) | |
| **SGT. C. MAYER,** | ) | |
| **C/O JOSHUA BERNER,** | ) | |
| **C/O SHANE QUANDT,** | ) | |
| **C/O JASON REDNOUR,** | ) | |
| **C/O DONALD LINDENBERG,** | ) | |
| **C/O JARED PHILLIPS,** | ) | |
| **C/O McMILLAN, and** | ) | |
| **UNKNOWN PARTIES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pursuant to 42 U.S.C. § 1983, this action was initiated in the name of six inmates at

Menard Correctional Center for deprivations of their constitutional rights relative to the

conditions of their confinement in the North-2 unit. The original complaint (Doc. 1), which also purported to be a proposed class action, was dismissed without prejudice (Doc. 15). The hazards of joint litigation were highlighted, and the plaintiffs were given an opportunity to file an amended complaint.

The amended complaint (Doc. 18) *appeared* to bear the signatures of all six plaintiffs: David Robert Bentz, Brett Sharp, Jesse Perez, Marcos Garcia, Armando Gallando and John Lee. In accordance with *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Court again warned the plaintiffs of the hazards of joint litigation and afforded them a chance to "opt out" and not incur a filing fee (Doc. 22). The Court subsequently discerned, however, that Plaintiff Bentz had signed the amended complaint on behalf of all six plaintiffs. Each plaintiff was sent a form to execute if they, instead, wanted to "opt in," adopting the complaint as their own and incurring a filing fee (Doc. 28).

At this juncture, only David Robert Bentz and Jesse Perez have adopted the complaint and moved to proceed *in forma pauperis* (see Docs. 2, 3, 31, 35). Accordingly, Brett Sharp, Marcos Garcia, Armando Gallando, and John Lee shall be dismissed from this action without prejudice. No filing fee will be assessed against them, and their motions for pauper status (Docs. 4, 5, 12, 14) will be denied as moot.

The amended complaint (Doc. 18) must now undergo preliminary review pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the pleading that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

The amended complaint describes how the defendant prison officials, individually and in conspiracy, in their individual and official capacities, do not take adequate measures to ensure the health and safety of Plaintiffs Bentz and Perez, and the members of the proposed class, when temperatures in the North-2 unit at Menard rise above a heat index of 90 degrees. According to Plaintiffs, the high heat and humidity is not merely uncomfortable, it poses a scientifically recognized health risk, and an even greater danger to those with certain preexisting health conditions (e.g., Perez, who has asthma (*see* Doc. 18, p. 7, ¶ 32)).[1] There are few or no fans circulating air through the unit as a whole, and it is difficult, if not impossible for inmates to purchase personal fans from the commissary. Ice and water are not regularly available in sufficient quantities and intervals. Routine wellness checks are not made during these periods. According to Plaintiffs, these practices have resulted in inmate deaths.

---

[1] Bentz describes himself as being at heightened risk because he is "elderly" (Doc. 18, p. 7, ¶ 32), but according to the Illinois Department of Corrections, he is only 40 years old. *See* https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last accessed Aug. 20, 2015). Bentz's acts of signing other plaintiffs' names, and now mischaracterizing himself as "elderly," creates a pattern of behavior that does not bode well for this case. Plaintiffs Bentz and Perez are advised that dishonesty during the course of litigation may result in the dismissal of this action with prejudice, as well as the imposition of sanctions.

Plaintiffs take aim at the systemic conditions (the result of administrative policies and practices), Defendants' deliberate indifference to their health and safety, and Defendants' negligence. They further claim that Defendants have acted in retaliation for Plaintiffs' grievances and lawsuits, and because of Plaintiffs' crimes of conviction.

The fourteen named defendants include Warden Kimberly Butler, six supervisory officers, six correctional officers, and a nurse. It is also clear that Plaintiffs want to sue a variety of additional unknown staff members; however, they are not sufficiently identified in the narrative of the amended complaint to enable the Court to discern which "John Doe" defendant did what.

Nominal, compensatory, and punitive damages are sought, as well as injunctive relief in a wide variety of forms.

Based on the allegations in the amended complaint, the Court finds it convenient to divide the *pro se* action into the following broad counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** **Since the summer of 2014 (in an ongoing violation), Defendants, individually and/or in conspiracy, by their acts and their failure to cure the conditions of confinement, endangered Plaintiffs' health and safety whenever the heat index exceeded 90 degrees, in violation of the Eighth Amendment;**

**Count 2:** **Since the summer of 2014 (in an ongoing violation), Defendants, individually and/or in conspiracy, by their acts and their failure to cure the conditions of confinement, negligently endangered Plaintiffs' health and safety whenever the heat index exceeded 90 degrees, in violation of Illinois common law; and**

**Count 3:** **Since the summer of 2014 (in an ongoing violation), Defendants, individually and/or in conspiracy, have by their acts and their failure to cure the conditions of confinement, retaliated against Plaintiffs in violation of the First Amendment.**

**<u>Discussion</u>**

*Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015), serves as a reminder of the liberal notice pleading standard (*see* FED.R.CIV.P. 8(A)), and that at this early stage, and in consideration of the fact that Plaintiffs are proceeding *pro se*, the Court must construe the pleadings liberally, take the allegations in the amended complaint as true, and draw all reasonable inferences in Plaintiffs' favor. *Id.* (citing *Smith v. Knox Cnty. Jail,* 666 F.3d 1037, 1039 (7th Cir. 2012); *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011)).

***Unknown Parties***

In apparent anticipation of proceeding as a class action, Plaintiffs have offered an over-arching narrative relative to every prisoner in the North-2 unit, although they have sufficiently linked themselves individually to the allegations for purposes of passing threshold review. The involvement of each of the fourteen named defendants also has been sufficiently pleaded. With that said, no claims have been sufficiently stated against the unidentified defendants. More to the point, Plaintiffs assert that others were involved, but without designating them as John Doe #1," "John Doe #2," etc., and clearly pleading what each of them did, no claim is stated. Consequently the unidentified defendants will be dismissed; dismissal shall be without prejudice, leaving open the possibility of further amending the complaint.

***Count 1***

Relative to Count 1, the Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).

There is precedent for finding that, depending on ventilation concerns and the length of time involved, a heat index over 90 degrees can pose an objectively serious threat to health and safety if ameliorative steps are not taken, such as providing fans and ice water. *See Gates v. Cook*, 376 F.3d 323, 334 (5th Cir, 2004). *See also, e.g*, *White v. Monohan*, 326 F. App'x 385, 387-88 (7th Cir. 2009) (recognizing that excessive heat and poor ventilation fall under the ambit of the Eighth Amendment); *Sanders v. Sheahan,* 198 F.3d 626, 628–29 (7th Cir. 1999) (reversing district court's dismissal of prisoner's complaint and holding that prisoner had stated a claim based on excessive heat and poor ventilation); *Dixon v. Godinez,* 114 F.3d 640, 643 (7th Cir. 1997) ("[c]old temperatures need not imminently threaten inmates' health to violate the Eighth Amendment"); *Del Raine v. Williford,* 32 F.3d 1024, 1035 (7th Cir. 1994) (holding inmate need not allege frostbite or hypothermia to establish that cold temperatures endangered inmate's health).

Prison officials can also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Such claims are intertwined with the claims about the conditions of confinement claims. Consequently, the Court has not parsed this "omnibus" Eighth Amendment claim further. Various theories of Eighth Amendment liability will surely be teased out as the case progresses.

Count 1 shall proceed against all fourteen defendants.

***Count 2***

Count 2 is premised upon the same factual allegations that underlie Count 1. The Court may exert supplemental jurisdiction over state law claims—such as Count 2—that are "so related to claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Therefore, Count 2 shall also be allowed to proceed.

### Count 3

Count 3 stems from the allegation that Defendants acted in retaliation for Plaintiffs filing grievances and lawsuits, as well as their crimes of conviction. "An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000). "Otherwise permissible actions by prison officials can become impermissible if done for retaliatory reasons." *Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000). In order to state a claim for retaliation for exercising one's First Amendment right, a plaintiff must demonstrate that:   "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor" behind the retaliatory actions. *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006).

Filing a lawsuit is activity protected under the First Amendment. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). A non-frivolous grievance also triggers protection. *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015) (citing *Thomson v. Washington,* 362 F.3d 969, 971 (7th Cir. 2004)). The nature of one's criminal conviction, although possibly a motivating factor, does not trigger First Amendment protection. Thus, Count 3 states a colorable claim under the notice pleading standard, but only with respect to Plaintiffs' grievances and law suits. *See Gomez v. Randle*, 680 F.3d 859, 866-67 (7th Cir. 2012); *McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005).

**Implied Motions**

*Class Certification*

Insofar as the amended complaint indicates that Plaintiffs desire to move for class certification, they must file a motion to that effect, addressing the considerations detailed in Federal Rule of Civil Procedure 23.

*Preliminary Injunction*

The amended complaint suggests that Plaintiffs may desire a preliminary injunction. If so, a motion should be filed in accordance with Federal Rule of Civil Procedure 65(a).

**Motions for Pauper Status**

Plaintiffs' individual motions for leave to proceed *in forma pauperis* (Docs. 2, 3) will be decided by separate order.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiffs **BRETT SHARP, MARCOS GARCIA, ARMANDO GALLANDO, and JOHN LEE** are **DISMISSED without prejudice**. No filing fee will be assessed against them, and their motions for pauper status (Docs. 4, 5, 12, 14) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that **"UNKNOWN PARTIES"** are **DISMISSED without prejudice** as defendants to this action.

**IT IS FURTHER ORDERED** that **COUNTS 1, 2, and 3** shall **PROCEED** against Defendants **KIMBERLY BUTLER, NURSE LANG, MAJ. WESTFALL, LT. JAMES BEST, LT. EOVALDI, LT. SAMUELS, SGT. N. BEBOUT, SGT. C. MAYER, JOSHUA BERNER, SHANE QUANDT, JASON REDNOUR, DONALD LINDENBERG, JARED PHILLIPS, and C/O MᴄMILLAN**.

The Clerk of Court shall prepare for Defendants **KIMBERLY BUTLER, NURSE LANG, MAJ. WESTFALL, LT. JAMES BEST, LT. EOVALDI, LT. SAMUELS, SGT. N. BEBOUT, SGT. C. MAYER, JOSHUA BERNER, SHANE QUANDT, JASON REDNOUR, DONALD LINDENBERG, JARED PHILLIPS, and C/O McMILLAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:  August 24, 2015**

                                              _____
                                              **NANCY J. ROSENSTENGEL**
                                              **United States District Judge**