IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:14-cv-996-NJR-DGW |
| KIMBERLY BUTLER, et al., | ) |
| Defendant. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Extension of Time filed on February 3, 2016 (Doc. 73) and the Motion Regarding Filings and Deadlines filed on February 17, 2016 (Doc. 74) filed by Plaintiff, David Robert Bentz.

Plaintiff states, in the first motion, that the deadlines imposed by the Court in the Scheduling Order are onerous in light of Plaintiff's medical condition. Plaintiff seeks a 6 month extension of all deadlines. The Motion is **DENIED** (Doc. 73).

Plaintiff has filed an optional lawsuit against numerous Defendants related to the conditions of his confinement. Federal lawsuits are demanding – they are time-consuming, managed by particular rules, and they are not indefinite: litigants are expected to complete tasks in a timely manner. While Plaintiff may indeed be suffering from medical conditions that would affect his ability to litigate this case, he has neither specified what conditions he suffers from, how they would prevent him from complying with deadlines, or why a significant delay in this matter would not be prejudicial to Defendants. Plaintiff assumes that the Court is familiar with his medical condition; Plaintiff is, however, only one of hundreds of litigants that appear before the Court and the Court is not familiar with how Plaintiff's health status affects his ability to litigate.

Indeed, it appears to the Court that from observations at a a number of hearings that Plaintiff is fully able to litigate his cases, notwithstanding any health concerns.

On August 28, 2015, Plaintiff was granted leave to proceed *in forma pauperis* and was assessed an initial filing fee of $16.12 (Doc. 40). At that time, no deadline was imposed to pay the initial partial filing fee. However, that fee was paid on September 15, 2015. When the Scheduling Order was entered in this matter on January 20, 2016, Plaintiff was given 22 days to pay his initial filing fee. As he already paid the initial partial filing fee, that deadline is moot.

The Scheduling Order also gave Plaintiff 22 days to provide information to Defendants. Providing this information, like persons with knowledge, a statement of damages, medical records release, and information as to John Does, would not require Plaintiff to perform any discovery. It merely required Plaintiff, if he knows, to inform Defendants of various categories of information. By signing pleadings, Plaintiff certified that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that he is neither filing suit for an improper purpose, that his claims are warranted by existing law or a reasonable extension of law, and that his contentions have evidentiary support, or likely to have support. FED.R.CIV.P. 11(b). Therefore, Plaintiff should have some information on which he based his Complaint, like who potential witnesses may be and what damages he has incurred. Providing such information, if it is within Plaintiff's knowledge, is not burdensome. To the extent that Plaintiff complains that he cannot discover John Does, such an argument is frivolous. There are no John Doe Defendants in this suit.

Plaintiff further complains he will not be able to amend the complaint by the April 4, 2016 deadline. Again, Plaintiff certified that he made a reasonable investigation into his claims prior to filing suit. Plaintiff is neither unfamiliar with filing federal lawsuits nor is he such a novice that

he would have difficulty articulating additional claims that he may have. This deadline also is not burdensome.

The discovery deadline in this matter is November 4, 2016. Such a deadline should afford the Plaintiff ample time to conduct discovery in this matter.

Finally, the Plaintiff has refiled a "Notice To Court" (Doc. 74) that was originally filed on January 13, 2016 (Doc. 70). It is unclear why this document has been refiled. The document does not contain a (second or timely) certificate of service, does not add any new argument or statement, and does not otherwise attempt to seek any new relief. It is **STRICKEN** as duplicative. Plaintiff is **CAUTIONED** to not file duplicative motions.

**IT IS SO ORDERED.**

**DATED: March 15, 2016**

                                                                *Donald Wilkerson*

                                                              **DONALD G. WILKERSON**
                                                             **United States Magistrate Judge**