IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:14-cv-996-NJR-DGW |
| KIMBERLY BUTLER, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the "Motion for Reconsideration of Preliminary Injunction . . .", which the Court construes as a Motion for a Preliminary Injunction, filed by Plaintiff on January 15, 2016 (Doc. 84).  The Motion is **TAKEN UNDER ADVISEMENT**.

In this Motion, Plaintiff complains of the excessive heat in the prison where he is housed, the Menard Correctional Center, and the lack of any provisions to alleviate the heat.  Plaintiff requests an emergency hearing on the issues and preliminary injunctive relief to alleviate the negative effects of excessive heat.  Plaintiff represents, in part, that:

1. Prison guards are "leaving this Plaintiff and inmates to literally cook, and possibly die within the cells."

2. "All Defendants/staff are very well aware of these unconstitutional conditions and refuse to remedy them because they are intentionally punishing inmates and trying to kill inmates by means of excessive heat."

3. "This plaintiff suffers from injuries, hand, neck, tooth, vision and others that are all inflamed by excessive heat and suffers heat related issues to no avail that cause this plaintiff inability to write . . ."

(Doc. 84, spelling and some grammar corrected).

Plaintiff is well aware that a preliminary injunction is an "extraordinary and drastic

remedy" for which there must be a "clear showing" that he is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

    1. a reasonable likelihood of success on the merits;
    2. no adequate remedy at law; and
    3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Plaintiff makes no argument as to the likelihood of success on the merits. Plaintiff also has not presented any evidence to support the factual statements made above, that he is "cooking" in his cell, that correctional officers are intentionally punishing him and trying to kill him with the heat, and that Plaintiff's health issues are exacerbated by the excessive heat. It should be noted Mr. Bentz is the only Plaintiff in this suit; so, the Court is not in a position issue injunctive relief as to other inmates. In light of Plaintiff's apparent penchant for exaggeration (*See* Doc. 36, fn. 1),[1] more is required prior to hauling Defendants into Court to argue this Motion. To that end, Plaintiff is **ORDERED** to provide the Court with evidence of the statements made in his Motion. Such evidence shall be submitted by **July 5, 2016**. Defendants shall respond to the Motion and evidence submitted by Plaintiff by **July 15, 2016**. If necessary a hearing will be set after the response has been filed.

**IT IS SO ORDERED.**

**DATED: June 22, 2016**

                                                          **DONALD G. WILKERSON**
                                                          **United States Magistrate Judge**

---

[1] In which the Court chastised Plaintiff about mischaracterizing himself as elderly and further cautioned Plaintiff about the penalties of being dishonest during the course of this litigation.