IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-996-NJR-DGW |
| ) | |
| KIMBERLY BUTLER, NURSE LANG, ) | |
| MAJOR WESTFALL, LT JAMES BEST, LT. ) | |
| EOVALDI, LT. SAMELS, SGT N. BEBOUT, ) | |
| SGT C. MAYER, JOSHUA BERNER, SHANE ) | |
| QUANDT, JASON REDNOUR, DONALD ) | |
| LINDENBERT, JARED PHILLIPS, and C/O ) | |
| MCMILLAN, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Preliminary Injunction (styled "Motion for Reconsideration of Preliminary Injunction . . . .") filed by Plaintiff David Robert Bentz, on June 15, 2016 (Doc. 84) and the Second Motion for Emergency Preliminary Injunction filed by Plaintiff on July 18, 2016 (Doc. 89). For the reasons set forth below, it is **RECOMMENDED** that the first Motion be **DENIED AS MOOT**, that the Second Motion be **DENIED AS MOOT**, and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Plaintiff is an inmate at the Menard Correctional Center, located in Southern Illinois. He filed a 42 U.S.C. § 1983 Amended Complaint on November 6, 2014 (Doc. 18) on behalf of himself

and others. The other plaintiffs in this matter have been dismissed, leaving Plaintiff alone in challenging the allegedly unconstitutional conditions of his confinement. Namely, Plaintiff claims that the temperatures in the cell where he is housed regularly exceed a heat index of 90 degrees Fahrenheit. Prisoners, such as himself, are provided no relief (i.e. ice water, fans, routine wellness checks) and the excessive temperatures negatively affect his health and exacerbate his existing health problems.[1]

When Plaintiff filed his original Complaint, on September 12, 2014 (Doc. 1), he also sought a temporary restraining order ("TRO"). That request was denied on September 17, 2014:

> The effects of the heat are not to be taken lightly. However, the complaint does not clearly show (by way of allegation) that immediate and irreparable injury, loss, or damage will result if the Court does not intervene before the defendants can be heard in opposition. The complaint offers little more than conclusory statements, so there is actually little or nothing to indicate that any of the six named Plaintiffs is, for example, behind a solid door, or suffering from any ailment that would increase the risk of harm. Even taking the allegations as true and relative to the named Plaintiffs, it is now fall and days where the heat index rises above 90 degrees are increasingly less likely. Therefore, the extraordinary step of issuing a TRO is not warranted in this situation.

(Doc. 9).

He then sought a preliminary injunction in his Amended Complaint (Doc. 18, p. 13) and sought reconsideration of the above finding on his request for a TRO (Doc. 29). Both requests were denied without prejudice because it was speculative that "there is a substantial risk of serious injury that is reasonably likely to ripen into actual harm;" because Plaintiff did not set forth "that he faces any special danger due to exposure to the heat"; and, because it was yet to be seen if the prison officials would not take steps to combat and excessive heat that summer" (Doc. 33). The Court's Order was entered on June 26, 2015.

---

[1] Plaintiff has been permitted to proceed in three counts: one for unconstitutional conditions of confinement related to the heat; the second for negligence related to the heat; and the third for retaliation (Doc. 36).

A year later, on June 15, 2016, Plaintiff filed the first pending Motion for Preliminary Injunction (Doc. 84).  On June 22, 2016, that Motion was taken under advisement: in doing so, the Court noted that Plaintiff presented no evidence to support his claim and had not met his burden of demonstrating that there was a likelihood of success on the merits (Doc. 87).  Plaintiff was directed to present evidence to support his claims by July 5, 2016 and Defendants were directed to respond by July 15, 2016.  Plaintiff presented no evidence by the July 5, 2016 deadline.  Defendants highlighted this lack of evidence and Plaintiff's failure to comply with the Court's Order in their response (Doc. 88).

Plaintiff filed his second request on July 18, 2016 (Doc. 89).  In this request, Plaintiff claims that as a result of his previous motion, he had been moved to a cell with no ventilation, no access to ice or ice water, no ability to summon correctional officers (he was out of earshot), and infrequent correctional officer and medical personnel rounds.  Plaintiff states that he was moved on June 20, 2016 (five days after he filed the previous motion) and that a Defendant, Major Westfall told him that he was being moved because he had complained about his living conditions to the Court.  Plaintiff further claims that he is being denied yard time and out-of-cell time for no reason at all, especially when it is hot.  And, the heat has exacerbated his chronic hand pain, swelling, and inflammation, his neck injury, and his dental issues).  Plaintiff presented no affidavit, medical records, or other evidence supporting his claims.  The Motion was taken under advisement on July 22, 2016 and Defendants were directed to respond on August 1, 2016 (Doc. 90).

In their response, Defendants presented the affidavit of Terri Wingerter (not a Defendant herein), who is employed in Menard's placement office.  She states that Plaintiff was moved on June 20, 2016, June 28, 2016, and July 11, 2016 (Doc. 91-1).  The first two moves appear routine

(i.e. not necessarily made based on Plaintiff's conduct) because the decision (which is made by the placement office) was not overruled by either a Warden or a Major. The third move was for disciplinary purposes. For his part, Defendant Westfall (who is a Correctional Major) avers that he has no recollection of moving Plaintiff on June 20, 2016, that he did not know about the motions filed in this case until he talked to his attorney on July 29, 2016, and that he has not retaliated against Plaintiff (Doc. 91-2). Defendants have also provided memoranda from 2014 that outline procedures that should be used to combat excessive heat events (Doc. 91-3).

In reply, Plaintiff sets forth a chronology of events starting with the June 20, 2016 retaliatory cell transfer, various threats issued by Defendant Westfall and Lieutenant Hoppensted (not a Defendant herein), a June 27, 2016 assault by Lt. Hoppensted because he believed Plaintiff had filed a grievance, June 30, 2016 grievances, a trip to the healthcare unit because of the assault on July 1, 2016, a July 5, 2016 internal affairs investigation, the July 10, 2016 "bogus" disciplinary ticket, and the subsequent deplorable conditions of his segregation cell (raw sewage, no cups for ice or ice water, poor ventilation, no place to safely put a fan, etc.) in which Plaintiff suffered for a month. He further states that he has been moved and assigned cells based on requests by specific correctional personnel (presumably not working in the placement office) contrary to Terri Wingerter's affidavit. And, he states that Defendant Westfall's affidavit is false because of a July 28, 2016 grievance.[2] Finally, Plaintiff states that the conditions are life threatening and that the only proof he believes the Court requires would be a "death certificate stating Plaintiff died of heat

---

[2] It is unclear from Plaintiff's statement how the July 28, 2016 grievance would contradict Defendant's statement in paragraph 2 of his declaration that he did not move Plaintiff on June 20, 2016 and does not recall having a conversation with Plaintiff. Perhaps Plaintiff means to indicate that his July 29, 2016 grievance sets forth a prior conversation he had with Defendant he should have been aware of.

related reasons, sorry to late then, or one of another inmate perhaps" (Doc. 92, p. 5). Attached to the reply brief is an affidavit stating that everything Plaintiff states in his reply is true and correct.

### CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary

injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

The circumstances presented in Plaintiff's filings are concerning: he claims he is made to suffer intolerable heat conditions and that when he complained he was beaten and placed in further intolerable conditions. At this point in time, however, it is unlikely that any more high temperature days will occur until next summer (this matter is set for trial on June 13, 2017) and Plaintiff is now out of segregation and has not indicated that he is currently suffering any retaliatory acts related to the claims in this suit.[3]  As such, Plaintiff's requests for injunctive relief are moot. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (noting that irreparable injury cannot be met "where there is no showing of any real or immediate threat that the plaintiff will be wronged again").

The Court acknowledges that Plaintiff's first request for injunctive relief, filed on June 15, 2016 (Doc. 84) may not have been moot if determined on the date that it was filed.[4]  However, the Motion was deficient, as pointed out by the Court on June 22, 2016. Plaintiff elected to not cure the deficiencies noted by the deadline imposed and therefore abandoned that motion (nor did Plaintiff seek any extension of time). As to the second Motion, a request for injunctive relief carries a heavy burden: Plaintiff must make a *clear* showing that he is entitled to relief. The second Motion suffered from the same deficiencies as the first – Plaintiff makes no mention of the standard employed to determine whether he is entitled to injunctive relief or how his claim meets the standard. He also failed to support his statements with <u>any</u> evidence. While Plaintiff is

---

[3] Plaintiff has filed multiple motions since his request for injunctive relief – none set forth any additional claims of retaliation at the hands of Defendants.

[4]  Although that is not certain in light of the time it would take to hold a hearing, issue a Report and Recommendation, allow for objections, and then render a final Order.

proceeding *pro se* and pleadings by such a person are liberally construed, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), Plaintiff is not the typical *pro se* party. He has demonstrated his understating of the Rules of Civil Procedure and in the manner that federal litigation proceeds. That is, Plaintiff is not unsophisticated. His failure to make a clear showing that he was entitled to relief and failure to support his claim are fatal to his request for preliminary relief; Plaintiff failed to meet his burden in the first instance.

Plaintiff quips that the only evidence that the Court would find useful is a death certificate. Such a Machiavellian response is unhelpful. Plaintiff claimed that the temperatures in his cell were so hot that it was causing significant negative health effects. However, when he finally presents evidence,[5] he presents no medical records to support his claims of severe adverse health effects (or that he is particularly susceptible to heat related health issues), the irreparable harm that perhaps would form a basis for injunctive relief.[6] Instead, Plaintiff seeks (in part) relief for persons other than himself and transfer to the South Upper cellhouse, where he was previously housed (and where he was housed when he previously sought injunctive relief related to the heat). Any injury that Plaintiff may have suffered in the past can now be remedied by a monetary award at trial. Therefore, even if this matter were not moot, Plaintiff's request for preliminary injunctive relief should not be granted on the merits.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Preliminary Injunction (styled "Motion for Reconsideration of Preliminary Injunction . . . .") filed by Plaintiff

---

[5] In a reply brief which is itself problematic – the least of which is that Plaintiff did not explain what extraordinary circumstances warrant the filing of briefs that are "not favored." *Local Rule* 7.1.

[6] While Plaintiff avers that he suffered these negative health effects, his papers lack any detail as to how the heat affects these preexisting conditions.

on June 15, 2016 (Doc. 84) be **DENIED AS MOOT**, that the Second Motion for Emergency Preliminary Injunction filed by Plaintiff on July 18, 2016 (Doc. 89) be **DENIED AS MOOT**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: October 24, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**