IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID ROBERT BENTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-996-NJR-DGW |
| | ) | |
| KIMBERLY BUTLER, NURSE LANG, MAJOR WESTFALL, LT JAMES BEST, LT. EOVALDI, LT. SAMELS, SGT N. BEBOUT, SGT C. MAYER, JOSHUA BERNER, SHANE QUANDT, JASON REDNOUR, DONALD LINDENBERT, JARED PHILLIPS, and C/O MCMILLAN, | ))))))) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motions for Contempt filed by Plaintiff on September 2, 2016 and October 17, 2016 (Docs. 93 and 97), the Motion for Recruitment of Counsel filed by Plaintiff on September 23, 2016 (Doc. 94), and the Motion for Filing Fee Payments filed by Plaintiff on October 31, 2016 (Doc. 102).

In his Motions for Contempt (which are identical),[1] Plaintiff indicates that the Defendants or library staff at the Menard Correctional Center are intentionally interfering with the electronic filing process or with the sending and receiving of documents to and from the Clerk of Court. He states that they are either failing to file documents submitted for filing by Plaintiff or they are misleading him by indicating that something has been filed when it has not been filed. Plaintiff does not identify, nor has he attached, any document that he has submitted for filing that has not been filed. Nor has he indicated, with any level of detail, in what manner he has been prejudiced

---

[1] And which have been filed by Plaintiff in other cases pending in this District and before the undersigned.

in this matter (i.e. that he has missed a deadline or otherwise failed to act when required because he did not receive a document in this matter). At this time, Plaintiff's Motions are **DENIED WITHOUT PREJUDICE**. However, the Clerk of Court is **DIRECTED** to mail to Plaintiff, by regular mail, a copy of the docket sheet in this matter along with this Order. Plaintiff shall notify the Court, by **November 18, 2016**, what documents he has submitted for filing that have not been filed in this case. Plaintiff shall attach a copy of the documents that he states are file-stamped by the staff as having been filed but that have not, in fact been filed. That is, he shall attach the documents he refers to in the sentence: "It should also be noted that a lot of times/sometime when original documents are returned (if returned at all) they are stamped by staff as being filed, but in fact never were filed at all by library staff at Menard leaving this Plaintiff to believe that said filings was filed when it really was not filed at all." Plaintiff shall also attach any document (whether it is a motion, notice, or a response to a motion) that he submitted for filing but that has not been filed as indicated in the docket sheet.

Plaintiff's Motion for Recruitment of Counsel is **DENIED WITHOUT PREJUDICE**. Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally –

exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff previously sought counsel on September 12, 2014 (Doc. 8) and March 17, 2015 (Doc. 21) when other plaintiffs were involved in this suit. Those Motions were denied without prejudice. The basis for Plaintiff's request for counsel is the inadequacy of the law library at Menard CC. Plaintiff states, in general terms, that he is hampered in this litigation by either the lack of resources or the lack of trained staff to assist him in this litigation. Plaintiff is a relatively sophisticated litigant – he is capable of articulating his claims in a coherent manner and citing to relevant case law when appropriate. This matter is also relatively simple: Plaintiff complains in most part of the conditions of his confinement, namely, the temperature of his environment during the summer months. This claim is not complicated nor does it require any expert discovery. Plaintiff is capable of litigating without the assistance of counsel.

As to the inadequacies of the law library, Plaintiff has not set forth in any detail in what manner he has been prejudice by the law library staff/resources. If Plaintiff believes that he is being denied access to the Courts, he can file another lawsuit to that effect. If, after Plaintiff has submitted the documents and notice directed above, the Court finds that he is being hampered by the library staff in litigating this matter, recruitment of counsel will be reconsidered.

The Motion for Filing Fee Payments is **GRANTED IN PART**. Plaintiff is informed that there is a remaining balance of $284.62 with respect to the filing fee in this matter.

**DATED: November 2, 2016**

*/s/ Donald G. Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**