IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID ROBERT BENTZ,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-CV-996-NJR-DGW |
| | ) | |
| **KIMBERLY BUTLER, AIMEE LANG,** | ) | |
| **BILL WESTFALL, JAMES BEST,** | ) | |
| **FRANK EOVALDI,** | ) | |
| **MICHAEL SAMUELS,** | ) | |
| **NICHOLAS BEBOUT, CLINT MAYER,** | ) | |
| **JOSHUA BERNER, SHANE QUANDT,** | ) | |
| **JASON REDNOUR,** | ) | |
| **DONALD LINDENBERG,** | ) | |
| **JARED PHILLIPS, and** | ) | |
| **JAY MCMILLAN,** | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 99), which recommends denying as moot the "Motion for Reconsideration of Preliminary Injunction . . . " filed by Plaintiff David Bentz on June 15, 2016 (Doc. 84), and the "Second Motion for Emergency Preliminary Injunction . . . " filed by Bentz on July 18, 2016 (doc. 89)

Plaintiff David Bentz is an inmate in the Illinois Department of Corrections at Menard Correctional Center. He filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement. In particular, Bentz claimed that during the summer of 2014 temperatures in his cell regularly exceeded 90 degrees Fahrenheit

and the prison failed to make health and safety checks throughout the day and failed to provide inmates with ice water, fans, or any form of relief from the heat. When Bentz filed his original complaint in September 2014, he sought preliminary injunctive relief (Docs. 1, 18), but his request was denied (Doc. 9, 33). He filed a motion to reconsider the denial in June 2015 (Doc. 29). Although it was characterized as a motion to reconsider, Bentz was actually seeking injunctive relief anew, and this request was also denied (Doc. 33).

Bentz tried again on June 15, 2016, by filing the "Motion for Reconsideration of Preliminary Injunction . . . " that is currently before the Court (Doc. 84). Once again, he characterized his submission as a motion to reconsider, but it was actually a renewed request for injunctive relief (*see* Doc. 84). After reviewing the motion, Magistrate Judge Wilkerson determined that Bentz's argument was deficient and also unsupported by any evidence (Doc. 87). Bentz was given two weeks to shore up his argument, but he failed to submit anything by the deadline on July 5, 2016 (*see* Doc. 88). Instead, Bentz just filed another motion on July 18, 2016—the "Second Motion for Emergency Preliminary Injunction . . . ," which is also currently before the Court (Doc. 89). This time Bentz claimed that prison officials retaliated against him for filing the first motion (Doc. 84) by moving him to a segregation cell that was even worse; the cell had no ventilation, and Bentz had no access to ice or ice water, no ability to summon correctional officers, and no time in the yard or out of his cell (Doc. 89). Bentz further claimed that the heat exacerbated his chronic hand pain and swelling, his neck injury, and his dental issues (Doc. 89).

Magistrate Judge Wilkerson determined that a hearing was not necessary on Bentz's requests for injunctive relief, and he issued the Report and Recommendation currently before the Court on October 24, 2016 (Doc. 99). He indicated that the requests for injunctive relief were now moot because the hot weather had abated until next summer, and Bentz was out of segregation and had not indicated that he was currently subjected to any other retaliatory acts (Doc. 99). Magistrate Judge Wilkerson further indicated that even if Bentz's requests were not moot, they should be denied because Bentz failed to sufficiently argue that he met the standard for injunctive relief and failed to provide any details, let alone evidence, of the adverse health effects he was allegedly suffering from (Doc. 99).

Objections to the Report and Recommendation were due on or before November 10, 2016 (Doc. 99). *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). No objections were filed. Where neither timely nor specific objections to the Report and Recommendation are made, the Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). The Court can simply review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has carefully reviewed Bentz's motion as well as Magistrate Judge Wilkerson's Report and Recommendation. Following this review, the undersigned fully agrees with the findings, analysis, and conclusions of Magistrate

Judge Wilkerson. The Report and Recommendation (Doc. 99) is **ADOPTED** in its entirety and Bentz's motions for injunctive relief (Docs. 84 and 89) are **DENIED**.

IT IS SO ORDERED.

DATED: November 21, 2016

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**