IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DAVID ROBERT BENTZ, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 3:14-cv-996-NJR-DGW |
| WESTLEY SPILLER, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On May 15, 2017, this Court granted summary judgment on Counts 1 and 3 and dismissed without prejudice Count 2 as to all Defendants, except Westley Spiller. (Doc. 145). Pursuant to Federal Rule of Civil Procedure 56(f), the parties were informed the Court was inclined to grant judgment on Counts 1 and 3 and dismiss Count 2 as to Defendant Spiller, who was added to this suit after the other Defendants' Motion for Summary Judgment was filed. (Doc. 145). The parties were directed to file briefs on the matter by June 15, 2017. (Doc. 145). Defendants filed a timely brief. (Doc. 149). Bentz, instead of filing a brief as directed, filed an objection in response to Defendants' brief on June 23, 2017, eight days after the deadline. (Doc. 151).

Defendant Spiller, who was not named until the Amended Complaint (Doc. 18), was served on April 10, 2017 (Doc. 133),[1] after the discovery deadline passed on November 4, 2016. Service was effected when Bentz brought to the Court's attention, on

---

[1] In his answer filed on April 21, 2017, Defendant Spiller raises various affirmative defenses.

March 3, 2017, that Defendant Spiller had not been listed in the Order pursuant to 28 U.S.C. § 1915A (Doc. 36) and had not been served, even though he was named in the Amended Complaint.

In addition to summary judgment, motions for sanctions by both Plaintiff and Defendants (Docs. 147, 148) and motions for extension of time (Docs. 152, 153, 157) filed by Plaintiff, remain pending before the Court.

## DISCUSSION

**I. Motion for Summary Judgment**

Summary judgment is proper where the moving party can demonstrate there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). Where the non-moving party has failed to make a sufficient showing on an element of the case to which he has the burden of proof, summary judgment should be granted. *Celotex,* 477 U.S. at 323. The Seventh Circuit has stated summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005)).

*Count I – Deliberate Indifference to Conditions of Confinement*

Count I raises the claim that Defendants were deliberately indifferent to Bentz's conditions of confinement. Prison officials violate the Eighth Amendment when "they

are deliberately indifferent to adverse conditions that deny 'the minimal civilized measure of life's necessities,' such as adequate food, clothing, shelter, recreation, and medical care." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To succeed on a claim of deliberate indifference to a condition of confinement, a prisoner must show: (1) a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) prison officials were deliberately indifferent to this state of affairs. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016).

This Court previously held there is insufficient evidence for a jury to find the heat in Bentz's cellblock was serious enough to deny the "minimal civilized measure of life's necessities." (Doc. 145, p. 18). As a result, the Court determined that Bentz failed to prove the objective component of his confinement claim. (Doc. 145, p. 18). Specifically, the Court found Bentz pointed to no data to support his claim and that other sources indicated the average temperature for the summer of 2014 was between 81 and 84 degrees (and not 100 degrees as Bentz contended). (Doc. 145, pp. 15-16). Further, the Court found there was no evidence that Bentz was susceptible to health complications because of the alleged heat. (Doc. 145, p. 17).

Because Bentz could not satisfy the objective component of his conditions of confinement claim, the Court held that it did not need to consider the subjective components of whether Defendants were deliberately indifferent, either individually or in conspiracy with one another. (Doc. 145, p. 18).

Bentz faces the same lack of evidence with regards to Defendant Spiller. Further, the Court finds that additional discovery on this point would not be meaningful. Federal Rule of Civil Procedure 26(b)[2] permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Such discovery, however, is not unlimited. Rather, discovery must also be "proportional to the needs of the case," among other things. *Id.*; *See Herbert v. Lando*, 441 U.S. 153, 177 (1979) (stating that the "district courts should not neglect their power to restrict discovery" or control the manner in which it is conducted). Here, after ten months of discovery, Bentz was unable to produce any evidence to support the objective component of his claim. Additional discovery is unlikely to change that outcome. Therefore, the fact that Defendant Spiller was not served as of the time discovery closed in no way prejudices Bentz.

Because Bentz cannot prove the objective prong of "unreasonable confinement," it is unnecessary for him to conduct discovery on whether Defendant Spiller was deliberately indifferent to that confinement. Rather, allowing further discovery would be disproportionate to the needs of this case, unnecessarily delay the proceedings, and unreasonably multiply the costs of litigation. Defendant Spiller is entitled to judgment on Count 1.

*Count 3 – Conspiracy*

In Count 3, Bentz alleged that each Defendant, individually and/or in conspiracy, retaliated against him. It is well-settled that a prison official who takes action in retaliation for a prisoner's exercise of a constitutional right violates the Constitution.

---

[2] This prisoner civil rights case is exempt from the requirements of Rule 26(a). *See* Local Rule 26.1(a).

*DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). At the summary judgment stage, a prisoner has the initial burden to make out a *prima facie* case of retaliation by showing: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014) (citing *Thayer v. Chiczewski,* 705 F.3d 237, 251 (7th Cir. 2012)).

In its previous order, this Court found that while Bentz filed grievances and lawsuits, there was no evidence that he suffered a deprivation or that his First Amendment activity was a motivating factor in any decision causing the deprivation. *See Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Further, the Court notes that even in the Amended Complaint, Defendant Spiller is not mentioned in the paragraph detailing individual conduct of retaliation. (Doc. 36, p. 18, ¶ 57). Bentz is not an inexperienced litigant—he has multiple lawsuits pending in this Court alone. It is telling, therefore, that he did not include Defendant Spiller in the paragraph detailing individual attempts to retaliate. Thus, the Court finds Bentz has not stated a stand-alone retaliation claim against Defendant Spiller.

Finally, because Bentz has not shown a deprivation of his constitutional rights as to any of the Defendants, he cannot prevail on a civil conspiracy claim. In order to succeed on his conspiracy claim, Bentz must demonstrate that: (1) Defendant Spiller had an express or implied agreement with someone to deprive him of his constitutional rights, and (2) he was actually deprived of his constitutional rights by Defendant

Spiller's overt actions in furtherance of the agreement. *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015) (citing *Scherer v. Balkema*, 840 F.2d 437, 441-42 (7th Cir. 1998)).

Throughout the course of this case, Bentz developed no evidence that would either show the conditions of his confinement were unconstitutional or that any defendant retaliated against him—thus, he has failed to support his *prima facie* claim of a constitutional violation. Without an underlying violation of the Constitution, there can be no conspiracy claim. Further, Bentz has made no specific allegations against Defendant Spiller that differ from the claims he brought against the other defendants, which this Court found insufficient. Because Bentz cannot show he suffered any constitutional deprivation, let alone that such deprivation was the result of a conspiracy, his claim fails. Further, just as with Count 1, no additional discovery on this issue would be meaningful or proportional to the needs of this case.

*Count II – State Law Claims*

Finally, because Defendant is entitled to judgment as a matter of law as to the federal claims, the Court declines to exercise jurisdiction over Bentz's related state law tort claims. *See* 28 U.S.C. § 1367(c)(3); *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001) ("A decision to relinquish pendent jurisdiction before the federal claims have been tried is, as we have said, the norm, not the exception, and such a decision will be reversed only in extraordinary circumstances.") Consequently, Bentz's claims in Count 2 are dismissed without prejudice to refiling in state court.

**II. Plaintiff's Motion for Sanctions**

Bentz's Motion for Sanctions (Doc. 147) regarding discovery abuses is untimely

and devoid of any support. The discovery deadline in this matter was November 4, 2016 (Doc. 71), and an order on summary judgment has already been entered (Doc. 145). Any discovery complaints should have been raised prior to summary judgment, and therefore Bentz's claims are untimely. For this reason alone, the motion must be denied. *See Feldman v. Olin Corp.*, 692 F.3d 748, 759 (7th Cir. 2012) (the normal judicial response to an untimely motion is simply to deny it and move on).

In addition, merely stating that a party has failed to provide discovery without also indicating when the discovery requests were served, when responses were made, and what responses were made, does not support a request for Federal Rule of Civil Procedure 37 sanctions. Bentz filed one motion to compel in this matter (Doc. 80) that was found moot (Doc. 85). No further motions to compel were filed, and none have been granted. Therefore, there is no basis for Bentz to seek sanctions pursuant to Rule 37. *See e.g.* Rule 37(a)(5) (requiring payment if a motion to compel is granted); Rule 37(b)(2) (sanctions for failing to obey a Court Order); Rule 37(c) (sanctions for failure to make initial disclosures or to supplement the same). Finally, in responding to the motion for summary judgment, Bentz did not indicate that he was unable to respond because of any missing evidence. *See* FED. R. CIV. P. 56(d). The Court finds that this motion is wholly without merit.

**III. Defendants' Motion for Sanctions**

It is unclear what Rule of Civil Procedure Defendants invoke in seeking sanctions; the Court assumes Rule 37 because Defendants have not complied with Rule 11(c). If Defendants seek Rule 11 sanctions, they may refile consistent with that Rule. In any

event, it is unlikely that any form of sanction would serve the purpose of securing the "just, speedy, and inexpensive determination" of this matter. FED. R. CIV. P. 1. Defendants' request for sanctions (Doc. 148) is denied.

**IV. Plaintiff's Motions for Extension of Time**

On June 30, 2017, Bentz filed the first of three motions for extension of time to respond to Defendants' Motion for Sanctions and Response to Plaintiff's Objections and Motion for Sanctions (Docs. 152, 153, 157). Bentz has already had over three months to prepare his response and has failed to file anything. The Court sees no reason to provide Bentz with further time to respond, particularly in light of the fact that the Motion for Sanctions has been denied. Thus, Bentz's requests for extension of time are denied.

### CONCLUSION

**IT IS THEREFORE ORDERED** that, Plaintiff's Motion for Sanctions (Doc. 147) is **DENIED,** Defendants' motion for sanctions (Doc. 148) is **DENIED without prejudice**, and Plaintiff's motions for extension of time (Docs. 152, 153, and 157) are **DENIED**.

**IT IS FURTHER ORDERED THAT,** for the reasons set forth in the May 15, 2017 Order (Doc. 145) and above, judgment is **GRANTED** in favor of Defendant Spiller and against Plaintiff on Count 1 and Count 3, Count 2 is **DISMISSED without prejudice** as to Defendant Spiller. The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**DATED:** September 30, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**